**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

MOLLY McCOOL                                                                                    PLAINTIFF
ADC #712447

v.                                              5:15CV00055-BSM-JJV

RHODES, LPN,
Brassell Adult Detention Center                                                    DEFENDANT

### PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to Chief United States District

Judge Brian S. Miller. Any party may serve and file written objections to this

recommendation. Objections should be specific and should include the factual or legal basis

for the objection. If the objection is to a factual finding, specifically identify that finding and

the evidence that supports your objection. An original and one copy of your objections must

be received in the office of the United States District Court Clerk no later than fourteen (14)

days from the date of the findings and recommendations. The copy will be furnished to the

opposing party.   Failure to file timely objections may result in waiver of the right to appeal

questions of fact.

If you are objecting to the recommendation and also desire to submit new, different,

or additional evidence, and to have a hearing for this purpose before either the District Judge

or Magistrate Judge, you must, at the time you file your written objections, include the

following:

1.        Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence to be proffered at the new hearing (if such a  hearing is granted) was not offered at  the hearing before the Magistrate Judge.

3.      The details of any testimony desired to be introduced at the new hearing in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing.  Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

## DISPOSITION

## I.      INTRODUCTION

Molly McCool ("Plaintiff") is an inmate of the Arkansas Department of Correction. She filed this *pro se* action pursuant to 42 U.S.C. § 1983, claiming that Defendant Rhodes, a nurse at the Brassell Adult Detention Center, violated her constitutional rights by exhibiting deliberate indifference to her serious medical needs.  (Doc. No. 1.)  After careful review of Plaintiff's Complaint, the Court concludes that this action should be dismissed for failure to state a claim upon which relief may be granted.

## II.     SCREENING

The Prison Litigation Reform Act (PLRA) requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised

claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). Whether a plaintiff is represented by counsel or is appearing *pro se*, his complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent,* 780 F .2d 1334, 1337 (8th Cir.1985).

An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The factual allegations must be weighted in favor of Plaintiff. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). "In other words, the § 1915(d) frivolousness determination, frequently made *sua sponte* before the defendant has even been asked to file an answer, cannot serve as a fact-finding process for the resolution of disputed facts." *Id.*

## III.    ANALYSIS

Plaintiff alleges that Defendant Rhodes failed to provide constitutionally adequate medical care when she declined to provide her with the drug 'alprazolam.' (Doc. No. 1 at 4.). It is established law that inmates are not entitled to any particular course of treatment and that medical staff are empowered to use their independent medical judgment. *Dulany v. Carnahan*, 132 F.3d 1234, 1239 (8th Cir. 1997). This logic necessarily extends to determining which medications an inmate should receive.

Further, Plaintiff has declined to specify why this particular drug is necessary for her

treatment or how being deprived of it injured her.[1]  A successful claim of deliberate indifference requires not only proof that a defendant knew of and disregarded excessive risks to an inmate's health, but that an injury in fact resulted from defendant's conduct.  *See Gibson v. Weber*, 433 F.3d 642, 646 (8th Cir. 2006).  Plaintiff has failed to allege how, if at all, she was injured by Defendant Rhodes's decision to deny alprazolam.[2]

Based on the foregoing, the Court finds that Plaintiff has failed to state a claim upon which relief can be granted.

## IV.    CONCLUSION

IT IS THEREFORE RECOMMENDED that:

1.      Plaintiff's Complaint (Doc. No. 1) be DISMISSED without prejudice for failure to state a claim upon which relief may be granted.

2.      Dismissal of this action count as a "strike" for purposes of 28 U.S.C. § 1915(g).[3]

3.       The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting these recommendations would not be taken in good

---

[1]Plaintiff may include this information in her objections to this recommendation, if she so chooses.

[2]The Court notes that Plaintiff, in her requested relief, specifically seeks monetary damages for "pain and suffering."  (Doc. No. 1 at 5.)  Merely alleging that a defendant's actions caused unspecified pain or suffering is insufficient, however.  Instead, Plaintiff must specify how the lack of this medication medically harmed her.

[3]Title 28 U.S.C. § 1915(g) provides that: "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted . . . ."

faith.

Dated this 20th day of March, 2015.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE